```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| JAMES N. SWEENEY, Individually § | | |
| and as Next Friend of his § | | |
| minor children, K.N.S., § | | |
| D.J.J.S., R.D.S., and M.V.S., § | | |
| § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-2218 | |
| § | | |
| GREGORY MARK STRUBLE, § | | |
| RICHARD MARK STRUBLE, and § | | |
| CAROL STRUBLE, § | | |
| § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

Pending is Defendant Gregory Mark Struble's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 11). After having reviewed the motion, response, reply, and applicable law, the Court concludes that the motion should be granted.

### I. Background

Plaintiff James N. Sweeney ("Plaintiff") brings this wrongful death action, individually and on behalf of his four minor children, against Defendants Gregory Mark Struble, Richard Mark Struble, and Carol Struble ("The Strubles"). Plaintiff alleges that his wife, Carol Ann Sweeney, was killed on July 10, 2009, when the automobile that Gregory Mark Struble was driving crossed into oncoming traffic and collided with Mrs. Sweeney's car head on,

resulting in her death.[1]  Plaintiff also alleges that Carol Struble and Richard Struble, as owners of the automobile which Gregory Struble operated, were negligent in entrusting the vehicle to him.[2]

The Strubles argue that this Court lacks subject matter jurisdiction because complete diversity of citizenship does not exist in this case.  Although the Court would have diversity jurisdiction over Plaintiff Sweeney's individual claims, the Strubles argue that there is no jurisdiction over the minors' claims because of their United States citizenship, which governs as to the claims made in their behalf by their father, Plaintiff Sweeney.  "Diversity under § 1332(a)(1)[3] must be complete; each plaintiff must have citizenship different from that of each defendant."  Freeman v. Nw. Acceptance Corp., 754 F.2d 553, 555 (5th Cir. 1985) (citations omitted).  The Strubles are domiciled in Texas, James Sweeney is a citizen of Canada, and Sweeney's four minor children are citizens of the United States domiciled in Canada.

When a legal representative brings a suit on behalf of a minor, the citizenship of the minor controls.  28 U.S.C. § 1332(c)(2) ("the legal representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant

---

[1] Document No. 1 at 3-4.

[2] Id. at 4-5.

[3] 28 U.S.C. § 1332.

. . ."); Denman by Denman v. Snapper Div., 131 F.3d 546, 548 & n. 1 (5th Cir. 1998).  Here, Plaintiff's children, who sue for their damages by and through Plaintiff in his representative capacity, admittedly are United States citizens residing in Canada at the time of filing this action.[4]

When a United States citizen resides abroad, that person is not considered a citizen of any state and therefore cannot be shown to have citizenship different from that of each defendant.  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996)(Dennis, J.) ("An American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States.").  "Accordingly, it has been held consistently, in a significant number of cases, that a diversity suit may not be maintained under Section 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country and therefore has no state citizenship in this country."  13E CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3621, at 626-27 (3d ed. 2009) (footnote omitted).

Plaintiff Sweeney urges the Court "to deem the minors for whom James N. Sweeney brings suit in this case to be citizens of Canada in construing and interpreting 28 U.S.C. § 1332," and thereby "provide a solution" for what he regards as a "loophole" in § 1332.

---

[4] Document No. 13 at 2.

The Court has no discretion to assign or "deem" citizenship to litigants on these facts but must accept the jurisdictional facts as they are and apply the law as written.  Federal courts are courts of limited jurisdiction and must leave to Congress whether to fashion the kind of "solution" that Plaintiff advocates.

Because Plaintiff's children, who are citizens of the United States, are not domiciled in any state, complete diversity of citizenship has not been shown such as to confer subject matter jurisdiction on this Court under 28 U.S.C. § 1332.

### III. Order

Accordingly, it is

ORDERED that Defendants' Motion to Dismiss for lack of Subject Matter Jurisdiction (Document No. 11) is GRANTED.

The Clerk will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas on this 12th day of November, 2010.

```
                    _____
                         EWING WERLEIN, JR.
                       UNITED STATES DISTRICT JUDGE
```